JUDGE SAND

07 CV 3976

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALEXANDRA GERENA and
CONSTANCE GERENA,

                Plaintiffs,

   - against -

GREGORY KORB and
YALE UNIVERSITY,

                Defendants.
----------------------------------------------------------x

ECF CASE

07 Civ. 3976 (LBS)   MAY 22 2007

**NOTICE OF REMOVAL**

TO: THE JUDGES OF THE UNITED STATES DISTRICT
     COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

     Defendant Yale University (the "University") removes this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the Supreme Court, State of New York, Bronx County, to the United States District Court for the Southern District of New York, and states the following in support thereof:

     1.    On April 24, 2007, plaintiffs filed a Verified Complaint in the Supreme Court, State of New York, Bronx County, asserting various claims arising out of an alleged assault that took place on the University's campus in New Haven, Connecticut. There have been no further proceedings in that action.

     2.    Copies of all process and pleadings in the above-referenced action are appended hereto as Exhibit 1.

     3.    This Notice of Removal is timely, as it has been filed with this Court within thirty (30) days of receipt by the University, through service or otherwise, of a copy of the initial pleading (filed April 24, 2007) setting forth the claim for relief upon which such action or

proceeding is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties, and the amount in controversy exceeds $75,000. *See* Verified Complaint ¶¶ 1-4, 9, 12, 15, 19, 23, 26, 30, 34, 37, 41, and 44. On information and belief, Plaintiffs Alexandra and Constance Gerena are each citizens of New York, as each is domiciled in that State. *See* Verified Complaint ¶¶ 1-2. The addresses of plaintiffs Alexandra and Constance Gerena are unknown. *See* S.D.N.Y. Local Civil Rule 81.1(a). Defendant Yale University is a citizen of Connecticut, as it is incorporated in Connecticut and has its principal place of business in Connecticut. *See* 28 U.S.C. § 1332(c)(1). On information and belief, codefendant Gregory Korb is a citizen of New Jersey, as he is domiciled in that State. *See* Verified Complaint ¶ 3. Mr. Korb's address is unknown. *See* S.D.N.Y. Local Civil Rule 81.1(a).

5. Codefendant Gregory Korb consents to removal.

6. Because (a) this Court has original jurisdiction under 28 U.S.C. § 1332, (b) the defendants are not citizens of New York, (c) this District embraces the place where the above-referenced action is pending, *see* 28 U.S.C. § 112(b), and (d) Mr. Korb consents to removal, the University is entitled to have this action removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

7. As certified below, pursuant to 28 U.S.C. § 1446(d), the University today is serving this Notice of Removal on the plaintiffs and will file a copy of the Notice with the Clerk of the Supreme Court, State of New York, Bronx County.

2

WHEREFORE, the University removes this action from the Supreme Court, State of New York, Bronx County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: New York, New York
       May 22, 2007

                                **WIGGIN AND DANA LLP**

                                By: _[signature]_
                                  R. Scott Greathead (RSG 7824)

                                450 Lexington Avenue
                                Suite 3800
                                New York, New York 10017
                                Tel: (212) 490-1700
                                Fax: (212)490-0536
                                Email: sgreathead@wiggin.com

                                *Attorneys for Defendant Yale University*

1

**HECTOR L. DIAZ**
Bronx County Clerk

## APPLICATION FOR INDEX NUMBER
Pursuant to Section 8018 (a) Civil Practice Law and Rules

**FEE: $ 210.00**

<u>SUPREME</u>: BRONX COUNTY

FULL TITLE OF ACTION OR PROCEEDING ( *Please type or print* )    1ST PARTY _____

Alexandra + Constance, Gerena
_____
Plaintiff

vs.

Gregory Korb + Yale University
_____
Defendant

_____
Third Party ( *If applicable* )

| | |
|---|---|
| Application for Index Number filed by: | ☒ Plaintiff   ☐ Defendant |
| Is this action for a provisional remedy, no action pending? | ☐ Yes  ☒ No |

Type of Action:    ☒ Tort        ☐ Motor Vehicle    ☐ Other-Personal Injury
                   ☐ Contract
                   ☐ Commercial
                   ☐ Matrimonial   ☐ Contested    ☐ Uncontested
                   ☐ Tax Certiorari
                   ☐ Other (*Please Indicate*)

For Plaintiff or Petitioner:    Name: David Robin / Robin Law Office
                                Address: 3889 Crompond Rd
                                Town Zip: Cortlandt Manor, NY 10567
                                Telephone Number: 914-736-2201

For Defendant or Respondent:    Name: _____
                                Address: _____
                                Town Zip: _____
                                Telephone Number: _____

If you would like a receipt mailed to you, Please provide a self-addressed stamped envelope.

SUPREME COURT : STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------X
ALEXANDRA GERENA and CONSTANCE GERENA,

                Plaintiffs,

against

GREGORY KORB and YALE UNIVERSITY,

                Defendants.
------------------------------------------------X

Date Purchased:
Index No.: 14413-07

**SUMMONS**

Plaintiff designates
**Bronx County**
as the place of trial

The basis of venue is:
residence of plaintiff

### TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answers or, if the complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service ( or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: March 30, 2007

David Rabin, Esq.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY 10567
(914) 739-3209

SUPREME COURT : STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------X
ALEXANDRA GERENA and CONSTANCE
GERENA,                                                              Index No.  14413-07

                Plaintiffs,

   -against-                                                          **VERIFIED COMPLAINT**


GREGORY KORB and YALE UNIVERSITY

                Defendants.
-------------------------------------------------------X

Plaintiffs, by their attorney, David Rabin, Esq., complaining against defendants, allege as follows:

## THE PARTIES

1. Alexandra Gerena is a natural person residing in Bronx County, State of New York ( Alex ).

2. Constance Gerena is a natural person residing in Bronx County, State of New York ( Connie ).

3. Upon information and belief, Gregory Korb is a natural person residing in the State of New Jersey.

4. Upon information and belief, Yale University is an institution of higher learning with its main offices located in New Haven, Connecticut ( Yale ).

## AS AND FOR A FIRST CAUSE OF ACTION BY ALEX AGAINST KORB

5. In or about August, 2005, Alex and Korb were students at Yale and were attending "Camp Yale", sponsored by Yale for its students to socialize and party

1.

prior to the start of the Fall Semester.

6. After a day of partying and drinking, Korb accompanied Alex to her dorm room and subjected her to physical and sexual assault, biting her about her face and breasts, causing severe physical injury, pain and suffering. He physically restrained her and prevented her from leaving until he was done.

7. Korb was arrested, charged with sexual assault and related felony charges and in or about October, 2006, he pled "no contest" as he agreed that the prosecutor would prove his guilt beyond a reasonable doubt and that he would be jailed for years. By his plea, which was permitted only because of the consent and humanity of Alex, he was convicted of two reduced misdemeanor offenses, assault and criminal restraint and placed on probation, banned from the New Haven campus of Yale, and ordered to have alcohol, drug and mental evaluations and to follow all recommended treatment regimens.

8. By virtue of the foregoing, Korb assaulted and severely injured Alex, causing great pain and suffering.

9. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION BY ALEX AGAINST KORB

10. Plaintiffs repeat, reallege and reiterate complaint paragraphs "1" – "9" as though fully set forth herein.

11. By virtue of the foregoing, Korb caused Alex to suffer and continue to suffer great mental and emotional anguish, pain and suffering, causing her to live in

fear, unable to sleep, unable to socialize with peers, unable to enjoy normal relationships and interaction with male acquaintances and causing her to forever lose the quality of life and joy of work, study and play that she had prior to the attack by Korb.

12. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION BY ALEX AGAINST KORB

13. Plaintiffs repeat, reallege and reiterate complaint paragraphs "10" – "12" as though fully set forth herein.

14. By virtue of the foregoing, plaintiff now receives professional treatment for her mental and emotional damage and suffering, which services she will likely need for the rest of her life.

15. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $250,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION BY ALEX AGAINST YALE

16. Plaintiffs repeat, reallege and reiterate complaint paragraphs "13" – "15" as though fully set forth herein.

17. Yale provided the facilities and encouraged its students to attend and party at "Camp Yale", providing and making available alcohol to all students, including those under the legal drinking age. Yale provided no security and enforced no

3.

policies or rules of conduct to limit or monitor the activities or their duration.

18. By virtue of the foregoing, Yale was negligent and failed to exercise proper supervision and control over its premises and students. It violated applicable law in providing alcohol. This wanton negligence was a proximate cause of the conduct of Korb against Alex.

19. Accordingly, Yale is liable to plaintiff in a sum to be determined at trial, but not less than three million dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BY ALEX AGAINST YALE

20. Plaintiffs repeat, reallege and reiterate complaint paragraphs "16" – "19" as though fully set forth herein.

21. Yale was or should have been aware that Korb had a history of assaultive and violent behavior and that Korb had previously assaulted, by biting, a male student at Yale; Yale knew that there had been numerous prior incidents of sexual and other assaults by its male students against female students; Yale took no steps and instituted no programs or protocol to attempt to prevent such incidents, educate its students, employees, police personnel and faculty as to the reporting and handling of such incidents; Yale took no meaningful punishment action against those who had committed earlier offenses.

22. By virtue of the foregoing, Yale's conduct was reckless and wantonly negligent; Yale has acted in reckless and wanton disregard of the possible consequences to plaintiff and said conduct unreasonably exposed plaintiff to

4.

probable serious harm.

23. Accordingly, Yale is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

## AS AND FOR A THIRD CAUSE OF ACTION BY ALEX AGAINST YALE

24. Plaintiffs repeat, reallege and reiterate complaint paragraphs "20" – "23" as though fully set forth herein.

25. By virtue of the foregoing, Yale's conduct was willful, well knowing that their misconduct unreasonably exposed Alex to probable serious harm.

26. Accordingly, Yale is liable to Alex in a sum not less than six million dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION BY ALEX AGAINST YALE

27. Plaintiffs repeat, reallege and reiterate complaint paragraphs "24" – "26" as though fully set forth herein.

28. Yale was on notice that Korb, after his plea in October, 2006, was not to be present on its New Haven campus to assure that Alex would be secure and free of anxiety and fear; Yale, however, without notice to Alex or the appropriate authorities, permitted Korb to enter and remain on its New Haven campus, without escort, supervision or time limitation; in fact, he and his friends had planned a party that night, on campus, for him; had Alex not learned of his presence and alerted the authorities, Korb, with Yale's permission and collusion, would have violated his probation conditions.

29. By virtue of the foregoing, Yale acted in a reckless, wanton and willful manner, causing injury and damage to plaintiff.

5.

30. Accordingly, Yale is liable to Alex in a sum not less than one million dollars.

### AS AND FOR A FIRST CAUSE OF ACTION BY CONNIE AGAINST KORB

31. Plaintiffs repeat, reallege and reiterate complaint paragraphs "27" – "30" as though fully set forth herein.

32. The conduct of Korb caused Connie great mental and emotional pain and suffering as she observed Alex's pain, suffering, injuries and loss of what had been a happy, secure, vibrant and loving daughter; Connie has been requiring professional care and treatment.

33. By virtue of the foregoing, Korb is liable to Connie for her care and treatment, which likely will be necessary for the rest of her life.

34. Accordingly, Korb is liable to Connie in a sum to be determined at trial, but not less than $150,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION BY CONNIE AGAINST KORB

35. Plaintiffs repeat, reallege and reiterate complaint paragraphs "31" – "34" as though fully set forth herein.

36. By virtue of the foregoing, Korb is liable to Connie for her mental and emotional suffering, anguish and pain.

37. Accordingly, Korb is liable to Connie for a sum not less than one million dollars.

## AS AND FOR A FIRST CAUSE OF ACTION BY CONNIE AGAINST YALE

38. Plaintiffs repeat, reallege and reiterate complaint paragraphs "35" – "37" as though fully set forth herein.

39. Yale's conduct exposed Alex to probable and actual harm before and after the attack by Korb. Yale gave no support or assistance to Connie in her dealing with her suffering, left Connie to move Alex's belongings to her new dorm after the Korb attack and exposed Connie to the comments and taunts of the Yale students who were friends and supporters of Korb; Yale exposed Alex to fear and harm in permitting him on campus after his plea and sentence.

40. By virtue of the foregoing, Yale is liable to Connie for her mental and emotional pain and suffering.

41. Accordingly, Yale is liable to Connie in a sum not less than two million dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BY CONNIE AGAINST YALE

42. Plaintiffs repeat, reallege and reiterate complaint paragraphs "35" – "37" as though fully set forth herein.

43. By virtue of the foregoing, Yale's conduct was a cause of Connie's mental and emotional pain and suffering, for which she is now and will continue to need to receive treatment.

44. Accordingly, Yale is liable to Connie a sum to be determined at trial, a sum not less than $150,000.00.

7.

**WHEREFORE,** it is respectfully requested that the Court grant judgment to Plaintiffs against Defendants as follows:

1. $500,000.00 on Alex's first cause of action against Korb;

2. Three million dollars on Alex's second cause of action against Korb;

3. $250,000.00 on Alex's third cause of action against Korb;

4. Three million dollars on Alex's first cause of action against Yale;

5. Three million dollars on Alex's second cause of action against Yale;

6. Six million dollars on Alex's third cause of action against Yale;

7. One million dollars on Alex's fourth cause of action against Yale;

8. $150,000.00 on Connie's first cause of action against Korb;

9. One million dollars on Connie's second cause of action against Korb;

10. Two million dollars on Connie's first cause of action against Yale;

11. $150,000.00 on Connie's second cause of action against Yale;

12. Costs, disbursements and attorney fees incurred in having to bring this action;

13. For such other and further relief to Plaintiffs that this Court may deem just, proper and equitable.

Dated: February 25, 2007
    Cortlandt Manor, NY

DAVID RABIN, ESQ.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY  10567
(914) 739-3209

8.

VERIFICATION:

DAVID RABIN, an attorney admitted to practice law before the Courts of this State, affirms, under penalty of perjury, as follows: I am the attorney for plaintiffs herein and the foregoing complaint is true to my knowledge, based upon information and belief; the basis of my belief consists of documents I have reviewed and conversations with my clients and witnesses. The reason that this verification is not made by defendants is that they do not reside or do business in the County where my office is located.

Dated: March 30, 2007
Cortlandt Manor, New York

_____
David Rabin

SUPREME COURT                                                    Index No.
COUNTY OF BRONX
ALEXANDRA GERENA and CONSTANCE GERENA,

                                    Plaintiffs

against

GREGORY KORB and YALE UNIVERSITY,

                     Defendants.

---

**RABIN LAW OFFICE**
David Rabin, Esq.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, New York  10567
(914) 739-3209

---

Service is hereby admitted: _____

                    Name:
Date:

The within is a true and accurate copy of a decision / order entered in the office of the Clerk of _____ County on the ___ day of _____.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and Local Civil Rule 5.3, this is to certify that on this 22nd day of May, 2007, a copy of the foregoing has been mailed, by overnight delivery service, to the following:

David Rabin, Esq.
Rabin Law Office
3889 Crompond Road
Cortlandt Manor, NY 10567

Attorney for Plaintiffs

The address of defendant Gregory Korb is not presently known despite good faith efforts.

_____
R. Scott Greathead (RSG 7824)

\490\197\51598.1

2