UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALEXANDRA GERENA and
CONSTANCE GERENA,

07 Civ, 3976 (LBS/GWG)

8 CV 1340

COMPLAINT

Plaintiffs,

-against-                                       ECF

GREGORY KORB and YALE
UNIVERSITY,

Defendants.
-----------------------------------------------------------X

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to its having granted defendants' motion for removal.

## THE PARTIES

2. Alexandra Gerena is a natural person residing in Bronx County, State of New York ( Alex ).

3. Constance Gerena is a natural person residing in Bronx County, State of New York ( Connie ).

4. Upon information and belief, Gregory Korb is a natural person residing in the State of New Jersey.

5. Upon information and belief, Yale University is an institution of higher learning with its main offices located in New Haven, Connecticut ( Yale ).

1.

## FACTS

6. In or about August, 2005, Alex and Korb were students at Yale and were attending "Camp Yale", sponsored by Yale for its students to socialize and party prior to the start of the Fall Semester.

7. After a day of partying and drinking, Korb accompanied Alex to her dorm room and subjected her to physical and sexual assault, biting her about her face and breasts, causing severe physical injury, pain and suffering. He physically restrained her and prevented her from leaving until he was done.

8. Korb was arrested, charged with sexual assault and related felony charges and in or about October, 2006, he pled "no contest" as he agreed that the prosecutor would prove his guilt beyond a reasonable doubt and that he would be jailed for years. By his plea, which was permitted only because of the consent and humanity of Alex, he was convicted of two reduced misdemeanor offenses, assault and criminal restraint and placed on probation, banned from the New Haven campus of Yale, and ordered to have alcohol, drug and mental evaluations and to follow all recommended treatment regimens.

9. By virtue of the foregoing, Korb assaulted and severely injured Alex, causing great pain and suffering, such acts constituting assault and battery.

10. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $500,000.00.

11. Plaintiffs repeat, reallege and reiterate complaint paragraphs "1" – "10" as though fully set forth herein.

12. By virtue of the foregoing, Korb caused Alex to suffer and continue to suffer great mental and emotional anguish, pain and suffering, causing her to live in fear, unable to sleep, unable to socialize with peers, unable to enjoy normal relationships and interaction with male acquaintances and causing her to forever lose the quality of life and joy of work, study and play that she had prior to the attack by Korb.

13. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

14. Plaintiffs repeat, reallege and reiterate complaint paragraphs "10" – "13" as though fully set forth herein.

15. By virtue of the foregoing, plaintiff now receives professional treatment for her mental and emotional damage and suffering, which services she will likely need for the rest of her life.

16. Accordingly, Korb is liable to Alex in a sum to be determined at trial, but not less than $250,000.00.

17. Plaintiffs repeat, reallege and reiterate complaint paragraphs "13" – "16" as though fully set forth herein.

18. Yale provided the facilities and encouraged its students to attend and party at "Camp Yale", providing and making available alcohol to all students, including those under the legal drinking age. Yale provided no security and enforced no policies or rules of conduct to limit or monitor the activities or their duration.

19. By virtue of the foregoing, Yale was negligent and failed to exercise proper supervision and control over its premises and students. It violated applicable law in providing alcohol. This wanton negligence was a proximate cause of the conduct of Korb against Alex.

20. Accordingly, Yale is liable to plaintiff in a sum to be determined at trial, but not less than three million dollars.

21. Plaintiffs repeat, reallege and reiterate complaint paragraphs "16" – "20" as though fully set forth herein.

22. Yale was or should have been aware that Korb had a history of assaultive and violent behavior and that Korb had previously assaulted, by biting, a male student at Yale; Yale knew that there had been numerous prior incidents of sexual and other assaults by its male students against female students; Yale took no steps and instituted no programs or protocol to attempt to prevent such incidents, educate its students, employees, police personnel and faculty as to the reporting and handling of such incidents; Yale took no meaningful punishment action against those who had committed earlier offenses.

23. By virtue of the foregoing, Yale's conduct was reckless and wantonly negligent; Yale has acted in reckless and wanton disregard of the possible consequences to plaintiff and said conduct unreasonably exposed plaintiff to probable serious harm.

24. Accordingly, Yale is liable to Alex in a sum to be determined at trial, but not less than three million dollars.

25. Plaintiffs repeat, reallege and reiterate complaint paragraphs "21" -- "24" as though fully set forth herein.

26. By virtue of the foregoing, Yale's conduct was willful, well knowing that their misconduct unreasonably exposed Alex to probable serious harm.

27. Accordingly, Yale is liable to Alex in a sum not less than six million dollars.

28. Plaintiffs repeat, reallege and reiterate complaint paragraphs "26" – "27" as though fully set forth herein.

29. Yale was on notice that Korb, after his plea in October, 2006, was not to be present on its New Haven campus to assure that Alex would be secure and free of anxiety and fear; Yale, however, without notice to Alex or the appropriate authorities, permitted Korb to enter and remain on its New Haven campus, without escort, supervision or time limitation; in fact, he and his friends had planned a party that night, on campus, for him; had Alex not learned of his presence and alerted the authorities, Korb, with Yale's permission and collusion, would have violated his probation conditions.

30. By virtue of the foregoing, Yale acted in a reckless, wanton and willful manner, causing injury and damage to plaintiff.

31. Accordingly, Yale is liable to Alex in a sum not less than one million dollars.

32. Plaintiffs repeat, reallege and reiterate complaint paragraphs "28" – "31" as though fully set forth herein.

33. The conduct of Korb caused Connie great mental and emotional pain and suffering as she observed Alex's pain, suffering, injuries and loss of what had been a happy, secure, vibrant and loving daughter; Connie has been requiring professional care and treatment.

34. By virtue of the foregoing, Korb is liable to Connie for her care and treatment, which likely will be necessary for the rest of her life.

35. Accordingly, Korb is liable to Connie in a sum to be determined at trial, but not less than $150,000.00.

36. Plaintiffs repeat, reallege and reiterate complaint paragraphs "33" – "35" as though fully set forth herein.

37. By virtue of the foregoing, Korb is liable to Connie for her mental and emotional suffering, anguish and pain.

38. Accordingly, Korb is liable to Connie for a sum not less than one million dollars.

39. Plaintiffs repeat, reallege and reiterate complaint paragraphs "36" – "38" as though fully set forth herein.

40. Yale's conduct exposed Alex to probable and actual harm before and after the attack by Korb. Yale gave no support or assistance to Connie in her dealing with her suffering, left Connie to move Alex's belongings to her new dorm after

6.

the Korb attack and exposed Connie to the comments and taunts of the Yale students who were friends and supporters of Korb; Yale exposed Alex to fear and harm in permitting him on campus after his plea and sentence.

41. By virtue of the foregoing, Yale is liable to Connie for her mental and emotional pain and suffering.

42. Accordingly, Yale is liable to Connie in a sum not less than two million dollars.

43. Plaintiffs repeat, reallege and reiterate complaint paragraphs "39" – "42" as though fully set forth herein.

44. By virtue of the foregoing, Yale's conduct was a cause of Connie's mental and emotional pain and suffering, for which she is now and will continue to need to receive treatment.

45. Accordingly, Yale is liable to Connie a sum to be determined at trial, a sum not less than $150,000.00.

**Prayer for Relief**

46. On the claims stated in paragraphs 10, 13, 16 plaintiff Alex asks the Court to enter judgment against defendant Korb.

47. On the claims stated in paragraphs 20, 24, 27 and 31 plaintiff Alex asks the Court to enter judgment against defendant Yale punitive and compensatory damages.

48. On the claims stated in paragraphs 35 and 38 plaintiff Constance asks the Court to enter judgment against defendant Korb.

49. On the claims stated in paragraph 42 plaintiff Constance asks the Court to enter judgment against Yale for punitive damages.

50. On the claims stated in paragraph 45 plaintiff Constance asks the Court to enter judgment against Yale for compensatory damages.

Jury Demand

Plaintiffs demand a jury trial of their claims against the defendants.

Dated: December 26, 2007

David Rabin
Attorney for Plaintiffs
27A Norm Avenue
Mt. Kisco, New York   10459
(914) 666-6606