## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDRA GERENA, and | |
| CONSTANCE GERENA : | CASE NO. 3:08Cv 1340(WWE) |
| V. : | |
| GREGORY KORB and | |
| YALE UNIVERSITY : | OCTOBER 20, 2008 |

### DEFENDANT KORB'S MOTION TO DISMISS AND/OR TO SUPPLEMENT HIS PENDING MOTION TO DISMISS FILED IN THE SOUTHERN DISTRICT OF NEW YORK PRIOR TO TRANSFER

This recently transferred action should be dismissed, in its entirety, against defendant Gregory Korb. Pursuant to Fed.R.Civ. P. 12(b)(6), the claims made by both Alexandra Gerena and Constance Gerena against Korb must be dismissed because they are barred by the applicable statute of limitations. Further, plaintiffs have failed to meet their obligation under Fed.R.Civ.P. 4(m) to serve defendant Korb within 120 days after their complaint was filed. Rather, Korb was served sixteen (16) months late under the Rule. Accordingly, plaintiffs' claims should be dismissed under Fed.R.Civ.P. 12(b)(5) Finally, Constance Gerena's bystander emotional distress and loss of filial consortium allegations against Korb fail to state a claim under either New York or Connecticut law. Her claims should be dismissed under Rule 12(b)(6).

Defendant Korb filed a Motion to Dismiss the claims against him in the Southern District of New York, the District from which this case was transferred. In that motion, Korb claimed untimely service under Rule 4(m), expiration of the statute of limitations on both plaintiffs' claims, as well as lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). Although defendant Korb requested that his Motion be adjudicated prior to transfer, and indeed partially opposed

**ORAL ARGUMENT REQUESTED**

defendant Yale University's Motion to Transfer on that ground, Korb's Motion and the arguments therein were not decided prior to transfer. Because defendant Korb claims that the Southern District of New York never had proper personal jurisdiction over him, such a finding by this Court would render plaintiffs' claims "newly filed" in Connecticut - - well past the statute of limitations, and would provide further grounds for dismissal under Rule 12(b)(6).

A memorandum of law if filed herewith.

> THE DEFENDANT,
> GREGORY KORB
>
> By:  /s/ Rosemarie Paine
> Rosemarie Paine (ct15694)
> Jacobs, Grudberg, Belt, Dow & Katz P.C.
> 350 Orange Street
> New Haven, CT 06503
> Tel: (203)772-3100
> Fax: (203)772-1691
> Email: rpaine@jacobslaw.com

## CERTIFICATION

The undersigned hereby certifies that on October 20, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Rosemarie Paine
Rosemarie Paine (ct15694)
Jacobs, Grudberg, Belt, Dow & Katz P.C.
350 Orange Street
New Haven, CT 06503
Tele: (203)772-3100
Fax: (203)772-1691
Email: rpaine@jacobslaw.com