UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONSTANCE GERENA

    Plaintiff,

vs.

GREGORY KORB and YALE UNIVERSITY

    Defendants

CIVIL ACTION NO.:
3:08-cv-01340 (WWE)

## MEMORANDUM OF LAW IN SUPPORT OF YALE UNIVERSITY'S MOTION TO DISMISS

The defendant, Yale University (hereinafter "Yale"), files the present Memorandum of Law in Support of its Motion to Dismiss. Pursuant to Rules 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure Yale respectfully moves to dismiss the complaint against Yale for defective process and defective service of process. While the present motion was originally filed in the United States District Court for the Southern District of New York on November 19, 2007, it was not ruled on because the case was transferred to the District of Connecticut.

### Preliminary Statement

Plaintiffs commenced the present lawsuit in the Supreme Court of New York, Bronx County, on April 24, 2007. Before plaintiffs had served the summons and complaint on Yale or any other defendant, Yale removed the action (with all defendants' consent) to the United States District Court for the Southern District of New York. Yale filed its notice of the removal on May 22, 2007.

Plaintiffs failed to prosecute the action and waited until October of 2007 to attempt service of process. But that was too late, as the 120-day time limit for service of process expired on September 19, 2007. Even when a process server left a summons and complaint in the hands

of Yale's Associate General Counsel on October 29, 2007, the summons was entirely defective, having not been issued by the Clerk of the Court and meeting none of the requirements for a federal summons. The summons left by the process server was the original state court summons from the court in the Bronx.

Plaintiffs' counsel attended a status conference in Judge Sand's chambers in July of 2007, where it was reported that no defendant had been served, and Judge Sand directed all counsel to report on the status of service by September 4, 2007. Incredibly, plaintiffs made no attempt to serve Yale by that date in September and did not even bother to submit the required status report to chambers (unlike defendants, who submitted reports on September 4, 2007 and again reported that there had been no service). Plaintiffs then let the September 19, 2007 deadline for service go by without explanation. For all Yale knew, plaintiffs had decided to abandon the case. Yet, inexplicably, plaintiffs retained a process server to serve Yale in October, 2007 and, even then, did not bother to obtain a federal court summons. It was not until August 1, 2008 that plaintiff finally served Yale with a federal summons – 15 months after the case was removed to federal court. Plaintiffs cannot pursue this case when they deem fit, without respect for the rules, procedures, and deadlines of this Court. As discussed below, the Court should dismiss the complaint against Yale for defective process and service of process.

**Factual Background**

The plaintiffs, Alexandra Gerena ("Alexandra") and her mother, Constance Gerena ("Constance"), allege that Alexandra, while a student at Yale, was physically and sexually assaulted by the co-defendant, Gregory Korb ("Gregory"), in August of 2005. See Complaint ¶¶ 5, 6. Gregory, a resident of New Jersey and also a student at Yale, was subsequently arrested in Connecticut, convicted of two misdemeanor offenses, and placed on probation. See

2

Complaint ¶ 7. As part of his probation, he was banned from Yale's campus. See Complaint ¶ 7.

Plaintiffs claim that Yale is, in part, legally responsible for Gregory's conduct because the assault occurred after Alexandra and Gregory attended "Camp Yale," a social function where it is alleged that Yale provided alcohol to its students and failed to provide security or to enforce policies or rules.[1] See Complaint ¶ 17. Additionally, plaintiffs allege that subsequent to the assault, Yale "colluded" with Gregory by permitting him back on Yale's campus in violation of his probation so that he could attend a party. See Complaint ¶ 28.[2]

## Argument

**I.  The Court Should Dismiss the Complaint Against Yale University Because Both Process and Service of Process Are Defective.**

The complaint against Yale should be dismissed for insufficiency of process and service of process. See Fed. R. Civ. P. 12(b)(4) and (5). After a case is removed from state to federal court, a plaintiff must follow the federal rules governing process and service of process with respect to any defendant that was not served before removal. See 28 U.S.C. § 1448; Norsyn, Inc. v. Desai, 351 F.3d 825, 829 n.4 (8th Cir. 2003); JAMES WM. MOORE ET AL., MOORE'S FEDERAL

---

[1] If the case is not dismissed, it will be shown at trial that "Camp Yale" is not a University social function; rather, "Camp Yale" is a term used by students—not Yale—to describe the period of time just prior to the commencement of the fall semester. Yale does not supply alcohol to students.

[2] Yale will dispute this allegation if it is required to answer the complaint.

3

PRACTICE § 107.31[5] (3d ed. 2006) (hereinafter "MOORE'S").[3] This is consistent with the general principle that "[t]he petitioner having removed his case into the [federal court] has a right to have its further progress governed by the law of the latter court, and not by that of the court from which it was removed." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 438 (1974) (quotation marks omitted). Here, Yale was not served with process before this action was removed and, as will be seen, plaintiffs have failed to follow the applicable federal rules in attempting to serve process on Yale.

### A. The Complaint Against Yale University Should Be Dismissed Under Rules 12(b)(5) and 4(m) for Defective Service of Process.

Plaintiffs' attempt to serve process was untimely and therefore void. Rule 4(c)(1) plainly states: "The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) . . . ." Rule 4(m), in turn, requires a plaintiff to effectuate service within 120 days of when the complaint is filed in the district court. See Fed. R. Civ. P. 4(m).[4]

---

[3] In pertinent part, 28 U.S.C. § 1448 provides: "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." See also MOORE'S § 107.31[5] ("After removal, federal rules govern service of process regarding any defendants who were not served in the state court action. For example, any defendants not served with process at the time of removal must be served with process in accordance with the federal rules applicable to cases originally filed in federal court; therefore, a federal summons must be obtained after removal.").

[4] In pertinent part, Rule 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

4

For a case, like this one, removed from state to federal court, "the 120-day period for serving process runs from the date of removal, not from the filing of the original complaint in state court." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *2 (S.D.N.Y. Aug. 25, 1994).[5] This action was removed to federal court on May 22, 2007, and, therefore, plaintiffs were required to serve Yale by no later than September 19, 2007. Plaintiffs nevertheless made no effort to serve process on Yale at any time on or before September 19, 2007.

It was not until October 29, 2007 that a process server left a summons and the complaint in the hands of Yale's Associate General Counsel. Although "a federal summons must be obtained after removal," MOORE'S § 107.31[5] (emphasis added), here, plaintiff attempted to serve a state summons. See Exhibit 1. Thus, the summons was defective on its face. Contrary to the requirements of Rule 4(a), the summons was not signed by the Clerk of Court, did not bear the seal of this Court, did not identify the correct court, was not directed specifically to the defendant Yale, and incorrectly stated that defendants served outside of New York have 30 days (rather than 20 days) to respond to the complaint. For those reasons alone, this action against Yale could have been dismissed pursuant to Rule 12(b)(4). See, e.g., Dean Mktg., Inc. v. AOC Int'l (U.S.A.) Ltd., 610 F. Supp. 149, 152 (E.D. Mich. 1985) (dismissing action against defendant in part based on holding that "plaintiff's attempted perfection of service of process after removal was ineffective where plaintiff mailed a state court summons rather than

---

[5] "When no defendant has been served, in an action removed to federal court from state court, Rule 4(m) of the Federal Rules of Civil Procedure requires the plaintiff to serve the summons and complaint upon the defendant within 120 days from filing of the Notice of Removal in the federal court." Randolph v. Hendry, 50 F. Supp. 2d 572, 579 (S.D. W. Va. 1999).

a summons issued by <u>federal</u> court to defendant") (emphases in original). On August 1, 2008 plaintiffs served Yale with a proper federal summons.

Plaintiffs' dilatory attempt to serve Yale is a result of simple attorney neglect and, therefore, is inexcusable. Tso v. Delaney, 969 F.2d 373, 375-76 (7th Cir. 1992) (affirming dismissal for failure to serve within 120 days and stating that "[o]ne thing . . . is clear from the cases[:] attorney neglect, without more, cannot serve as the basis for a finding of good cause" under Rule 4). The lack of service was expressly raised and discussed with plaintiffs' counsel at the status conference held before Judge Sand on July 16, 2007. As a result, the Court directed the parties to submit status letters to chambers on September 4, 2007—over seven weeks after the status conference when the lack of service was noted, and over two weeks before the deadline for service. The parties were required in their status letters to update the Court on plaintiffs' efforts to serve each defendant.[6] Each defendant—i.e., Yale and Gregory Korb—submitted to Judge Sand's chambers (and served on plaintiffs' counsel) the required status letter on September 4, advising that service had still not been effectuated on either defendant. See Exhibits 2. Yet, plaintiffs did not bother to submit the required status letter to the Court, let alone request an extension of time to effectuate service. Plaintiffs' counsel communicated nothing to defense counsel, so that Yale could not know whether plaintiffs ever intended to pursue this lawsuit. When September 19, 2007 came and went, with no service of process on Yale and with no explanation for that omission, the case appeared to be abandoned.

Without warning or explanation, however, plaintiffs decided in October of 2007 to pursue the matter against Yale after all. A process server left a summons and the complaint in the hands

---

[6] In the event there had been service, the status letters also had to state what motions were planned and a proposed schedule for the motions.

6

of Yale's Associate General Counsel on October 29, 2007. By then (or, indeed, by any date after September 19, 2007), it was too late to serve process. Plaintiffs' untimely defective service is inexcusable, and the Court should dismiss the complaint against Yale under Rules 4(m) and 12(b)(5). See Zapata v. City of New York, 502 F.3d 192, 197-99 (2d Cir. 2007) (affirming district court's exercise of discretion to dismiss under Rule 4(m) without granting additional time for service, where plaintiff proffered neither good cause nor even a colorable excuse for his counsel's neglect in serving defendant four days after expiration of 120-day period); Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66 (E.D. Pa. 1994) (dismissing complaint under Rule 12(b)(5) where service occurred one day after expiration of Rule 4(m)'s 120-day deadline, and where delay in service was caused only by plaintiff's counsel's lack of diligence and professional neglect); Mi v Michalsky, 451 F. Supp. 2d 386, 393 (D. Conn., 2006); Petrolito v. First National Credit Services Corp., No. Civ. A 3:03 CV 1085 (CFD), 2005, WL 331741, at *1 (D. Conn., Feb 2, 2005) (dismissing the complaint for failure to adhere to the 120-day time frame and for failure to seek out an extension of time to serve the complaint.).

In a case squarely on point, Akhenaten v. Najee, LLC, 2008 WL 3919185 (S.D.N.Y., August 25, 2008) the court dismissed the action under Rules 4(m) and 12(b)(5) of the Rules of Civil Procedure based on the plaintiff's failure to serve the defendant within 120 days of the filing of the summons and complaint. The court held, "If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against the defendant or order that service be made within a specified time," at *1. The court in Akhenaten dismissed the case because the plaintiff had not met his burden of proving that he had made valid service on the defendant, nor demonstrated good cause for his failure to do so.

7

Similarly, the present plaintiff failed to make timely service and at no time has demonstrated good cause for his failure to do so.

## Conclusion

Plaintiffs attempted to serve process on Yale with a defective summons, and they did so beyond the deadline established by federal law. They cannot now prosecute the action against Yale, and the complaint against Yale should be dismissed.

                                                DONAHUE, DURHAM & NOONAN, P.C.

By:   /s/ Brock T. Dubin
      Brock T. Dubin (ct18777)
      741 Boston Post Road
      Guilford, CT 06437
      Tel.:. (203) 458-9168
      Fax: (203) 458-4424
      Email: bdubin@ddnctlaw.com

*Attorneys for Defendant Yale University*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system. In addition, pursuant to Federal Rules of Civil Procedure I certify that, on this date, a copy of the foregoing has been mailed, by overnight delivery service, to the following:

David Leonard Rabin, Esq.
rabinlaw@gmail.com

Kennisha Anlee Austin, Esq.
Emery, Celli, Brinmckerhoff & Abady, LLP
kaustin@ecbalaw.com

Richard D. Emery, Esq.
Emery, Celli, Brinmckerhoff & Abady, LLP
remery@ecbalaw.com

Rosemarie Paine, Esquire
Jacobs, Grudberg, Belt, Dow & Katz P.C.
rpaine@jacobslaw.com

/s/ Brock T. Dubin
Brock T. Dubin (ct18777)

**EXHIBIT 1**

SUPREME COURT : STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------X
ALEXANDRA GERENA and CONSTANCE GERENA,

              Plaintiffs,

against

GREGORY KORB and YALE UNIVERSITY,

              Defendants.
---------------------------------------------------------X

Date Purchased:
Index No.: 14413-07

**SUMMONS**

Plaintiff designates
**Bronx County**
as the place of trial

The basis of venue is:
residence of plaintiff

### TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answers or, if the complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service ( or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: March 30, 2007

David Rabin, Esq.
Attorney for Plaintiffs
3889 Crompond Road
Cortlandt Manor, NY   10567
(914) 739-3209

*[handwritten: A true copy attest, Alphonse Codulla, State Marshal, 10/29/2007]*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system. In addition, pursuant to Federal Rule of Civil Procedure 5 and Local Civil Rule 5.3, I certify that, on November 19, 2007, a copy of the foregoing has been mailed, by overnight delivery service, to the following:

David Rabin, Esq.
Rabin Law Office
3889 Crompond Road
Cortlandt Manor, NY  10567

/s/ R. Scott Greathead
R. Scott Greathead  (RSG 7824)

\490\197\53483.1 [N.Y.]

**EXHIBIT 2**

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KENNISHA A. AUSTIN

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

September 4, 2007

*By Hand*

The Honorable Leonard B. Sand
United States District Judge
United States Courthouse
500 Pearl Street, Room 1650
New York, NY 10007-1312

Re:   *Gerena v. Korb, et. al.*, 07 Civ. 3976 (LBS) (GWG)

Your Honor:

This firm represents defendant Gregory Korb in the above-referenced matter and we write pursuant to Your Honor's order at the July 16, 2007 court conference, directing the parties to provide a status letter updating the Court on service of process and any potential motions in this case. We respectfully submit this letter in accordance with Your Honor's request, but its submission should in no way be construed as an appearance in this case or waiver of Mr. Korb's rights regarding service of process. Presently, Mr. Korb has not been served with process in this case. Moreover, it is our position that there is no jurisdiction over Mr. Korb in New York. Accordingly, we intend to move to dismiss this case for lack of personal jurisdiction.

Respectfully Submitted,

Richard D. Emery

c:   Honorable Gabriel W. Gorenstein
     U.S. Magistrate Judge

     David Rabin, Esq. (*by facsimile*)
     Attorney for Plaintiff

     R. Scott Greathead (*by facsimile*)
     Attorney for defendant Yale

Wiggin and Dana LLP
450 Lexington Avenue
Suite 3800
New York, New York
10017-3913
www.wiggin.com

R. Scott Greathead
212.551.2615
212.490.0536 fax
sgreathead@wiggin.com

# WIGGIN AND DANA

*Counsellors at Law*
**VIA HAND DELIVERY**

September 4, 2007

Honorable Leonard B. Sand
U.S. District Judge
U.S. Courthouse
Room 1650
500 Pearl Street
New York, NY 10007-1312

Re:   Gerena v. Korb and Yale University
      <u>SDNY, 07 Civ. 3976 (LBS)</u>

Dear Judge Sand:

We are counsel for defendant Yale University ("Yale") and are submitting this status letter in accordance with the Court's order at the July 16, 2007 conference. At this time, plaintiff has not served the summons and complaint on Yale. Yale lacks information on whether any co-defendant has been served with process. Accordingly, Yale is not proposing a schedule for any substantive motions at this time in this case.

Respectfully yours,

R. Scott Greathead

cc:   Honorable Gabriel W. Gorenstein
      U.S. Magistrate Judge

      David Rabin, Esq. (by Fax)
      Counsel for plaintiffs

      Richard Emery, Esq. (by Fax)
      Counsel for defendant Korb

*New Haven   Stamford   New York   Hartford   Philadelphia*