UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDRA GERENA, ET AL | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:08-cv-01340 (WWE) |
| | : | |
| vs. | : | |
| | : | |
| GREGORY KORB and YALE UNIVERSITY | : | |
| | : | |
| Defendants | : | MARCH 26, 2009 |

### DEFENDANT YALE UNIVERSITY'S OBJECTION TO ATTORNEY DAVID RABIN'S PRO HAC VICE APPLICATION

On March 13, 2009, Attorney David Rabin filed a second petition for admission to practice pro hac vice as the attorney for the plaintiffs in this case.[1] The defendant, Yale University, objects to Attorney Rabin's motion because he still has not complied with the Local Rules of Civil Procedure of the District Court for the District of Connecticut.

Local Rule 83.1(c) provides: "Unless otherwise ordered by the Court for good cause shown, no visiting lawyer admitted specially under Rule 83.1(d) not having an office for the transaction of business in person within the District of Connecticut shall appear as attorney of record in any cause without specifying on the record a member of the bar of this Court having an

---

[1] Attorney Rabin first petitioned the court for admission to practice Pro Hac Vice on December 2, 2008. The defendant Yale University objected to the petition on the ground that Attorney Rabin had not complied with the Local Rules of Civil Procedure of the District Court for the District of Connecticut in that the petition was not on written motion by a member of the bar of the Connecticut District Court and Attorney Rabin had not shown good cause sufficient to warrant the waiver of the requirement to obtain the assistance of local counsel. Attorney Rabin filed the present petition prior to the Court issuing a ruling on the defendant's objection dated December 16, 2008.

office within the District of Connecticut, upon whom service of all papers shall also be made." Attorney Brian T. Stapleton, the lawyer sponsoring Attorney Rabin's petition to practice pro hac vice, practices law in White Plains, New York. Attorney Stapleton does not have an office in Connecticut. Local Rule 83.1(c) requires the individual member of the bar, not the member's firm, to have an office within the District of Connecticut. Since Attorney Rabin has not specified a member of the bar of the Connecticut District Court who has an office within the District of Connecticut, he has failed to satisfy Local Rule 83.1(c).

Although Attorney Rabin requests that the Court waive the requirement regarding a local office location, he has not shown good cause for the waiver of this requirement. Indeed, Attorney Rabin's application merely states: "I know a couple of attorneys admitted in Connecticut but none have offices there and I respectfully request that the Court waive the requirement regarding a local office location." See, Pro Hac Vice Application, at p. 2. Since Attorney Rabin was able to find a sponsor whose firm has offices in Connecticut, it seems likely that he also would be able to locate an attorney who would be willing to serve as local counsel. Therefore, Attorney Rabin has not shown good cause sufficient to waive the requirement of "specifying on the record a member of the bar of this Court having an office within the District of Connecticut, upon whom service of all papers shall also be made."

Even if Attorney Rabin had complied with the Local Rules, his application discloses that he was actually suspended from the practice of law for two years. While Attorney Rabin's application attempts to minimize his involvement in the ethical violation which led to his suspension from practice by stating that it was really the fault of his partners, the fact is that the

2

Court at present has nothing more than the unattested statement of Attorney Rabin for that claim. It appears clear that the ethical violation related to conversion of a client's assets, the most serious ethical violation of which an attorney can be found responsible. When evaluating applicants for admission to the bar of the District Court who have been disciplined by any court, the Judges of the District Court are required to conduct an inquiry before deciding whether to admit the applicant to the bar of the District Court.  <u>See</u>, Local Rule of Civil Procedure 83.1(b). Accordingly, even if Attorney Rabin had complied with Local Rule 83.1(c) by associating himself with local counsel, the Court should not admit Attorney Rabin for the purpose of this case until such time as an inquiry has been conducted into the circumstances of Attorney Rabin's suspension, so that the Court can satisfy itself that Attorney Rabin is fit to practice law <u>pro hac vice</u> in the District of Connecticut.

Insuring that plaintiff's counsel is fit to practice in this Court is particularly important in the present case, given its tortured procedural history. The events in question took place in August, 2005, and suit was filed in New York in March, 2007. It took many months for plaintiff's counsel to effect service, to the point where the statute of limitations has now expired. The action was transferred to this District in September of 200, and plaintiff has still not filed a proper appearance. These defendants moved to dismiss in November of 2008, and plaintiff has not filed a responsive brief, despite the Local Rule which requires a response within 21 days. Under these circumstances, this Court should approach the present motion to admit Attorney Rabin with great caution.

Since Attorney Rabin has not complied with Local Rule of Civil Procedure 83.1(c) and he has not provided any information, other that his unattested statement, regarding his suspension from the practice of law, the defendant Yale University objects to his second pro hac vice application dated March 13, 2009.

                              THE DEFENDANT
                              YALE UNIVERSITY

BY: /s/
Patrick M. Noonan (#ct00189)
Colleen Noonan Davis (#ct27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

David Leonard Rabin, Esq.
rabinlaw@gmail.com

Rosemarie Paine, Esquire
Jacobs, Grudberg, Belt, Dow & Katz P.C.
rpaine@jacobslaw.com

/s/
Patrick M. Noonan