UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDRA GERENA and | : | |
| CONSTANCE GERENA, | : | 3:08CV1340 (WWE) |
|     Plaintiffs, | : | |
| v. | : | |
| | : | |
| GREGORY KORB and | : | |
| YALE UNIVERSITY, | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS

This action stems from the assault and battery of plaintiff Alexandra Gerena by defendant Gregory Korb while they were both undergraduate students at Yale University. Plaintiff Alexandra Gerena alleges intentional tort claims of assault, battery and intentional infliction of emotional distress against Korb. Her mother, plaintiff Constance Gerena, makes a claim of bystander emotional distress and of loss of her daughter's consortium. Plaintiff Alexandra Gerena alleges that Yale University is liable based on negligent supervision, willful misconduct, reckless conduct, and plaintiff Constance Gerena claims that Yale University is liable to her on the basis of bystander emotional distress.

This case was transferred to this court from the Southern District of New York on September 5, 2008. While this case was pending in the Southern District of New York, defendants filed separate motions to dismiss on the basis of defective service of process, statutes of limitations, and failure to state a claim. After the case was transferred to the District of Connecticut, defendants renewed their motions to dismiss.

To date, plaintiffs' attorney has failed to file a motion for admission pro hac vice that complies with the District of Connecticut's Local Rules of Civil Procedure. Plaintiffs

1

have not appeared pro se.  Accordingly, no formal oppositions to the motions to dismiss have been filed.  However, despite the lack of any pro se appearance, the Court has reviewed the declaration submitted by plaintiff Constance Gerena in opposition to the motions to dismiss.

For the following reasons, the motions to dismiss will be granted.

## FACTUAL BACKGROUND

For purposes of ruling on these motions to dismiss, the Court assumes that all factual allegations made in the complaint are true.

In August 2005, plaintiff Alexandra and defendant Korb, both students at defendant Yale University, attended a social event known as "Camp Yale."  Korb accompanied Alexandra to her dorm room, where he sexually and physically assaulted her.

In October 2006, Korb was arrested and charged with sexual assault and related felony charges.  He pled "no contest" to two reduced misdemeanor offenses, assault and criminal restraint.

Plaintiffs filed the instant lawsuit in the Supreme Court of New York on April 24, 2007.  On May 22, 2007, Yale University filed its notice of removal of the action to the United States District Court for the Southern District of New York.  However, plaintiffs did not serve Yale University with a federal summons until August 1, 2008.  Defendant Korb was not served until October 1, 2008.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

2

thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S. Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

    Defective Service of Process

As an initial matter, the Court agrees that service upon defendants was defective.

Once the defendant raises a challenge to the sufficiency of process, the plaintiff bears the burden of proving its adequacy.  See Mende v. Milestone Technology, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).  A Rule 12(b)(5) motion to dismiss must be granted if the plaintiff fails to serve a copy of the summons and complaint on a defendant pursuant to Rule 4 of the Federal Rules of Civil Procedures.  Rzayeva v. U.S., 492 F. Supp. 2d 60, 74 (D. Conn. 2007).  Rule 4(m) provides that if service is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion "shall dismiss the action without prejudice as to that defendant."  When a case is removed from state to federal court, the 120-day period for serving process runs from the date of

removal rather than the filing of the complaint in state court.  Randolph v. Hendry, 50 F. Supp. 2d 572, 579 (S.D. W. Va. 1999).

Since the action was removed to federal court on May 22, 2007, plaintiffs were required to perfect service by September 19, 2007.

Plaintiffs made an effort to serve Yale University on October 29, 2007.  However, the summons served was untimely because plaintiff had not requested an extension of time to perform service.  See Zapata v. City of New York, 502 F.3d 192, 197-199 (2d Cir. 2007), cert. denied, 128 S. Ct. 1483 (2008).  The summons was also defective on its face as a state court summons.  See, e.g., Dean Mktg., Inc. v. AOC Int'l (U.S.A.) Ltd., 610 F. Supp. 149, 152 (E.D. Mich. 1985) (ineffective service where plaintiff mailed a state court summons).   Subsequent service on Yale University on August 1, 2008 was also defective as untimely.

Similarly, plaintiffs' service on Korb on October 1, 2008 is also defective as untimely.  Plaintiff Constance Gerena maintains that Korb evaded service by attending school in Germany and intentionally eluding service upon his return to the United States.  However, there is no indication that plaintiffs sought an extension of time to perfect service or that Korb did evade service upon his return to the United States.  Accordingly, the Court will grant the motions to dismiss based on defective service.

Statutes of Limitations

Defendants maintain that the relevant statutes of limitations bar plaintiffs' claims.

In a diversity action, state law determines commencement of an action for purposes of the statute of limitations.  Converse v. General Motors Corp., 893 F.2d 513, 515-516 (2d Cir. 1990).  Under the choice of law rules, Connecticut law governs

plaintiffs' claims in this case because it is the place where the injury occurred. <u>Weber v. U.S. Sterling Securities, Inc.</u>, 282 Conn. 722, 737 (2007) (under Connecticut choice of law rules, courts apply law of state in which plaintiff was injured, unless to do so would produce arbitrary or irrational result).

Plaintiffs' claims against Yale University allege negligence, willful misconduct and recklessness and are subject to the two-year statute of limitations Connecticut General Statutes § 52-584.  Plaintiffs' claims against Korb, which allege intentional conduct, are governed by the three-year statute of limitations of Connecticut General Statutes § 52-577.

Pursuant to Connecticut state law, service of process is considered the commencement of an action for purposes of the statutes of limitations.  <u>Raynor v. Hickock Realty Corp.</u>, 61 Conn. App. 234, 238 (2000).  Defendant Yale University asserts that it should have been served by August 2007, and defendant Korb sets forth that he should have been served by at least August 31, 2008.  As previously discussed, defendant Yale University was not served until August 1, 2008, and defendant Korb was not served until October 1, 2008.  Accordingly, plaintiffs' claims are barred by the relevant statutes of limitations.

## **CONCLUSION**

For the foregoing reasons, the motions to dismiss [docs. #37, 39, 40, 42] are GRANTED.  The clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge
Dated at Bridgeport, Connecticut this _15th__ day of May, 2009.