UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEXANDRA GERENA and              :
CONSTANCE GERENA,                 :     3:08CV1340 (WWE)
    Plaintiffs,          :
v.                                :
                                  :
GREGORY KORB and                  :
YALE UNIVERSITY,                  :
    Defendants.          :

## MEMORANDUM OF DECISION

    This action stems from the assault and battery of plaintiff Alexandra Gerena by defendant Gregory Korb while they were both undergraduate students at Yale University. Plaintiff Alexandra Gerena alleges intentional tort claims of assault, battery and intentional infliction of emotional distress against Korb. Her mother, plaintiff Constance Gerena, makes a claim of bystander emotional distress and of loss of her daughter's consortium. In a ruling on a motion to dismiss, this Court determined that plaintiff's causes of action were barred by the relevant Connecticut statute of limitations.

    In a decision issued July 29, 2010, the Second Circuit remanded this case for a determination of whether New York had personal jurisdiction over the matter and therefore New York law applied.[1] The Second Circuit reasoned that the case was transferred to Connecticut pursuant to 28 U.S.C. § 1404(a) for convenience, which requires application of the law of the transferor state so long as that state could have properly exercised jurisdiction over the matter. The Second Circuit explained that "if jurisdiction was not proper in New York, then the district court correctly applied

---

[1] The Second Circuit affirmed dismissal of the action against Yale University.

1

Connecticut choice of law and Connecticut procedure." Gerena v. Korb,617 F.3d 197, 205 (2d Cir. 2010). Upon review of New York law, the Court finds that personal jurisdiction is not proper in New York.

## **FACTUAL BACKGROUND**

The Court sets forth the factual background of this case as it is relevant to the determination of personal jurisdiction.

At the time relevant to the events of this case, plaintiffs were residents of New York, and defendant Korb was a resident of New Jersey.

In August 2005, plaintiff Alexandra and defendant Korb, both students at defendant Yale University, attended a social event known as "Camp Yale." Korb accompanied Alexandra to her dorm room, where he sexually and physically assaulted her.

In October 2006, Korb was arrested and charged with sexual assault and related felony charges. He pled "no contest" to two reduced misdemeanor offenses, assault and criminal restraint.

Plaintiffs filed the instant lawsuit in the Supreme Court of New York on April 24, 2007. On May 22, 2007, Yale University filed its notice of removal of the action to the United States District Court for the Southern District of New York.

Defendant Korb filed a motion to dismiss for failure to serve process in a timely manner, for lack of personal jurisdiction, and because the claims were time barred.

Defendant Korb was not served until October 1, 2008.

**DISCUSSION**

When responding to a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 799, 784 (2d Cir. 1999). Under the New York long-arm statute, personal jurisdiction is proper over a non-domiciliary who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

N.Y.C.P.L.R. § 302(a). Section 302(a)(3) is the only relevant part of the long-arm statute that applies to the instant case. Accordingly, the Court must first determine whether an injury occurred in New York. In considering section 302(a)(3), courts apply a "situs of injury" test, which looks to the location of the original event causing the injury rather than the location where the resultant damages were felt by plaintiff. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (the original event occurs where the effect of the tort that ultimately produced the injury is located.)

The instant case is similar factually to that of Wilson v. Danka Corp., 2002 WL 31929120 (S.D.N.Y. 2003). In Wilson, the plaintiff alleged that she was battered during

3

a sexual assault that occurred in Florida and that she was forced to return to New York. The district court held that the situs of the injury was Florida where the first effect of the assault occurred, and therefore, the New York district court could not assert personal jurisdiction pursuant to section 302(a)(3).

According to the allegations of plaintiffs' complaint, the original event causing injury to plaintiffs occurred on the Yale University campus in New Haven, Connecticut. The assault in Connecticut represents the original event causing injury to Alexandra and Constance Gerena. Thus, regardless of Korb's contacts with New York, the Court cannot find that personal jurisdiction over Korb in the Southern District of New York was proper pursuant to section 302(a)(3).

Consistent with the Second Circuit's ruling, the Court is compelled to find that Connecticut law applies and that plaintiffs' actions are barred by the relevant statute of limitations.

## **CONCLUSION**

For the foregoing reasons, the Court finds that personal jurisdiction could not be asserted in the District Court for the Southern District of New York and that Connecticut law applies. Accordingly, this action is barred by the relevant statute of limitations and must be dismissed. The clerk is instructed to enter judgment in favor of defendant and to close this case.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this \_2d\_\_ day of December, 2010.