David L. Rabin (phv03433)
Rabin Law Office
27A Norm Avenue
Mt. Kisco, New York   10459
(914) 666-6606

*Attorney for Plaintiffs*
Alexandra and Constance Gerena

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------X
                                                                               ECF Case

ALEXANDRA GERENA and CONSTANCE
GERENA,                                                                 No. 3:08CV 1340(WWE)

                          Plaintiffs,
                                                                               **NOTICE OF MOTION PURSUANT**
-against-                                                                **TO FED R. CIV. P. 60(b)(1) FOR**
                                                                               **RELIEF FROM THE ORDER OF**
                                                                               **DISMISSAL ENTERED HEREIN**


GREGORY KORB and YALE UNIVERSITY,

                          Defendants.
-------------------------------------------------------------X

     **PLEASE TAKE NOTICE** that upon the Declaration of David Rabin and all pleadings and papers on file in this action, plaintiffs Alexandra Gerena and Constance Gerena, by their attorney, David Rabin, Esq., will, on Thursday, January 6, 2011, at 9:00 a.m. or as soon thereafter as counsel may be heard, move this Court, located at the United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut, before Hon. Warren E. Eginton, for an order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure relieving plaintiff's of the Order of this Court dismissing this action and reinstating this matter to the calendar along with such other and further relief as the Court may deem just and proper.

      WHEREFORE, it is respectfully submitted that the Court should grant this motion.

Dated: December 15, 2010
      Mt. Kisco, New York

                          ___/s/   David Rabin___
                          DAVID RABIN, ESQ.
                          27A Norm Road
                          Mt. Kisco, NY   10549
                          (914) 666-6606
                          Fax: 666-2111
                          Email: rabinlaw@gmail.com

```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------X
                                                                ECF Case
ALEXANDRA GERENA and CONSTANCE
GERENA,                                                         No. 3:08CV 1340(WWE)

                        Plaintiffs,
                                                                DECLARATION OF DAVID RABIN
      -against-                                                 IN SUPPORT OF MOTION FOR
                                                                RELIEF FROM THE ORDER OF
                                                                DISMISSAL ENTERED HEREIN


GREGORY KORB and YALE UNIVERSITY,

                        Defendants.
-------------------------------------------------------------X
```

**David L. Rabin,** under penalty of perjury, declares as follows:

1. I am a member of the Bar of this Court and am an individual practitioner and attorney for plaintiffs in this action. I am fully familiar with the facts, circumstances and prior proceedings held herein.

2. I make this affidavit in support of the instant motion to have this Court vacate its previously entered Decision and Order dismissing this case.

3. In its analysis of the facts and circumstances of this case and the proceedings held before Hon. Leonard B. Sand in the Southern District of New York and the Second Circuit Court of Appeals, this Court did not recognize that, while the aforementioned Courts were well aware that the situs of the injury complained of in this case is Connecticut, it is necessary to examine the Korb contacts with New York because if they are sufficient to constitute **minimal contacts** under New York

1.

law, New York does in fact have personal jurisdiction over him pursuant to N.Y.C.P.L.R. 302(a)(3). The Second Circuit even mentioned the fact of Korb's attendance at New York University.

4.   Plaintiffs, by the previously submitted Declaration of Alexandra Gerena, clearly demonstrated and alleged sufficient New York contacts by Korb throughout his life to meet the **minimal contacts** standard and make him subject to New York's jurisdiction. Indeed, despite the fact that the injury occurred in Connecticut, Yale University, with its substantial presence in New York, never asserted that New York could not asset jurisdiction over it in this case but based its transfer request on the basis of **convenience.**

5,   Korb was born in New York and raised here for years. The majority of his friends were residents of New York as are family members. His mother works in New York. Korb spent substantial time in New York, socializing, nurturing his relationship with plaintiff Alexandra Gerena and taking in cultural and other events. He states in his previously submitted affidavit that he worked in New York for nine months, presumably prior to his attendance at Yale.

Further, he attended New York University in 2007, after he was banished from Yale for his assault on Alexandra. He has and continues to conduct business in New York in his capacity as Director of Business Operations for Tutor Trove.

It can not be disputed that Korb has derived substantial benefits from New York and continues to do so. Korb is subject to the jurisdiction of New York State. His ongoing, continuous lifetime activities in New York certainly would make any

rational individual expect to be subject to defending or asserting claims in New York.

6. In <u>Peekskill Community Hosp. v. Graphic Media,</u> 198 A.D. 2d 337 ( N.Y. App. Div., 1993 ), the Court held that personal jurisdiction exists where, based upon the totality of the circumstances, the defendant purposefully avails himself of the privileges of conducting business within the state, invoking the benefit and protection of its laws and has **minimal contacts** with the state.

In <u>Johnson v. Ward</u>, 6 A.D. 3d 286 ( N.Y. App. Div., 2004 ), a New York resident was injured in a car accident in New Jersey. Since the defendant driver held a New York driver's license and drove a vehicle registered in New York, the Court held that plaintiff could maintain a personal injury action in New York. As here, the defendant had been a New York resident but was a New Jersey resident when the lawsuit was filed. Although the Court found the defendant subject to New York jurisdiction based upon his license and registration constituting a "business" nexus pursuant to 302(a)(1), the case holds that New York, if the requirements of 302 are met, has jurisdiction even when the injury is caused out of state.

7. The <u>Wilson </u>case, cited by the Court, involved sexual assault claims, as here, but is fundamentally different and not applicable here because the plaintiff in that case was not a resident of New York. The Court in that case found that the action could not be brought against the defendant Corporation as it was not liable for the acts of the employee supervisor but that plaintiff could file in New York if she

3.

brought claims against the Corporation. Clearly the Court was basing jurisdiction upon the fact that the corporation was doing business in New York. In any event, Wilson is not applicable to the facts and analysis of this case. What is applicable here is the Court's holding in Wilson that in considering jurisdictional questions prior to any discovery related to the issue and/or in the absence of a hearing on the issue, the assertions made by plaintiff are to be viewed in the light most favorable to the plaintiff.

7.   The foregoing clearly demonstrates that New York has and can exercise personal jurisdiction over Korb and plaintiffs herein can sustain the within action against him under New York law pursuant to N.Y.C.P.L.R. section 302(a)(1) & (3) based upon Korb's substantial New York contacts and business operations in New York State.

**WHEREFORE**, it is respectfully requested that this Court grant in all respects the within application by plaintiffs along with any other and further relief as the Court deems just and proper.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this day of December 15, 2010 in Mt. Kisco, New York.

   /s/David Rabin

David Rabin

4.

**CERTIFICATION**

The undersigned hereby certifies that on December 16, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

             /s/ David Rabin
            David Rabin (ct. phv 03433)
            27A Norm Road
            Mt. Kisco, NY   10549
            Tel:   (914) 666-6606
            Fax:  (914) 666-2111
            Email: rabinlaw@gmail.com