UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDRA GERENA and : | |
| CONSTANCE GERENA, : | 3:08CV1340 (WWE) |
|     Plaintiffs, : | |
| v. : | |
| : | |
| GREGORY KORB and : | |
| YALE UNIVERSITY, : | |
|     Defendants. : | |

**RULING ON MOTION FOR RELIEF**

Plaintiffs move for relief pursuant to Federal Rule of Civil Procedure 60 from this Court's previous ruling that personal jurisdiction could not be asserted in New York. Because this Court determined that plaintiff's causes of action were barred by the relevant Connecticut statute of limitations, this action was dismissed.

Pursuant to Federal Rule of Civil Procedure 60(b), a district court may vacate a judgment as a result of mistake, inadvertence, surprise, or excusable neglect or for any other reason that justifies relief. The Court, construing this motion as one for reconsideration, will grant reconsideration but will adhere to its previous decision. In this instance, plaintiffs have not shown a justifiable reason to reopen this case.

Plaintiffs assert that personal jurisdiction in New York is appropriate pursuant to New York's long-arm statute, C.P.L.R. § 302(a). Specifically, plaintiffs maintain that the Court should have found that personal jurisdiction was proper in New York based on sections 302(a)(1) and 302(a)(3). However, to establish personal jurisdiction under section 302(a)(1), the defendant must have transacted business within the state; and the claim asserted must arise from that business activity. Sole Resort, S.A. de C.V. v.

1

Allure Resorts Mgmt. LLC, 450 F.3d 100, 103 (2d Cir. 2006).  Although transacting business within New York need not be commercial in nature, the defendant must have engaged in some purposeful activity in connection with the matter in suit.  Best Van Lines, Inc. v. Walker, 490 F.3d 239, 247 (2d Cir. 2007).  A "substantial relationship" must be established between a defendant's transactions in New York and a plaintiff's cause of action in order to satisfy the nexus requirement of the long-arm statute. Kreutter v McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988).

In his affidavit, defendant Korb avers that he is a resident and domiciliary of New Jersey.  Plaintiff Alexandra Gerena avers that defendant was born in New York; his parents were from New York although the family later moved to New Jersey; his mother worked in New York; he was enrolled as a student in 2005 in New York; and he met plaintiff Alexandra Gerena at Yale University in Connecticut but socialized with her and friends in New York; and he now works in New York.

Construing the facts most favorably to plaintiffs for purposes of ruling on this motion, the Court considers that defendant Korb's attendance at a New York university and work in New York could be considered to be transacting business.  Ms. Gerena's affidavit provides very little information about the activities constituting "socializing" or "dating," but the Court assumes for purposes of ruling on this motion that such conduct comprised interaction between individuals while attending events, patronizing restaurants or bars, or frequenting residences or venues in New York.  For purposes of this ruling, the Court assumes that these activities also constitute business transactions.

Neither defendant's studies in New York nor his post-incident work in New York can be considered to have any nexus to the asserted claims of assault, battery and

infliction of emotional distress. Although the socializing activities may bear on the existence of a relationship between Ms. Gerena and defendant Korb, the asserted claims have a tangential relationship to the New York-based socializing activities. See Johnson v. Ward, 4 N.Y.3d 516, 520 (2005) (plaintiff's cause of action arose out of defendant's allegedly negligent driving in New Jersey not from the issuance of a New York driver's license or vehicle registration). There is no indication that the tortious conduct of sexual assault and battery or infliction of emotional distress arose out of an activity that took place in New York. Such conduct could have stemmed from an occurrence on the Yale campus prior to the assault and battery. Plaintiffs bear the burden of burden of establishing that the court has jurisdiction over defendant. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 799, 784 (2d Cir. 1999). However, the proffered evidence raises no inference that the assault, battery and infliction of emotional distress arose from or are substantially related to any business activities in New York.

Section 302(a)(3) also fails because plaintiffs have failed the first requirement that injury occur in New York. Courts apply a situs-of-the-injury test to determine where the injury occurred, which in the tort context "is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir.2001). The location of the injury is where the tortious conduct occurred not where the subsequent pain is felt. Nationwide Mut. Ins. Co. v. Morning Sun Bus Co., 2011 WL 381612, *10 (E.D.N.Y. 2011).

Because the long-arm statutes are not satisfied, the Court need not consider the

due process minimum contacts analysis. <u>Best Van Lines, Inc.</u>, 490 F.3d at 241.

Accordingly, the motion for relief is DENIED.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this _28th__ day of March, 2011.